IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RYAN M. ROBERSON, #S07012,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 20-01130-SMY |
| ) | |
| **MR. ARMSTRONG,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ryan Roberson, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights. He asserts a violation of the Eighth Amendment, a state law negligence claim, and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was working in the maintenance department at Vienna Correctional Center on February 6, 2020 under the supervision of Mr. Armstrong. He was ordered to get into the back of a John Deere Gator with another inmate and some equipment. Mr. Armstrong was operating the vehicle and turned a corner wide and at a high rate of speed while talking with an inmate riding in the cab. Mr. Armstrong

jerked the steering wheel as he made the turn causing Plaintiff to be thrown off the back of the vehicle. Plaintiff hit the pavement and tumbled several times. He was dazed, bleeding, and suffered numerous injuries. The other inmate riding in the back of the Gator got Mr. Armstrong's attention and they returned to pick-up Plaintiff. He was taken to the Vienna health care unit and then transported to the emergency room at Heartland Regional Medical Center.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment claim against Mr. Armstrong for exhibiting deliberate indifference to Plaintiff's safety by ordering him to ride in the back of a John Deere Gator without a seatbelt and then driving recklessly resulting in injury to Plaintiff.
>
> Count 2: Negligence claim against Mr. Armstrong for ordering Plaintiff to ride in the back of a John Deere Gator without a seatbelt and then driving recklessly resulting in injury to Plaintiff.
.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Discussion**

**Count 1**

The Eighth Amendment's prohibition against cruel and unusual punishment includes a right to safe and humane conditions of confinement. *See Farmer v. Brennan,* 511 U.S. 825, 847, (1994). A denial of safe and humane conditions can result from an officer's deliberate indifference to a prisoner's safety. A claim based on deliberate indifference requires a substantial risk of harm to the inmate that an officer knew of and disregarded. *Id.* at 837. "[A]cting or failing to act with

deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

Here, Plaintiff alleges he was injured while riding unrestrained in the back of a Gator operated by Mr. Armstrong in a reckless and objectively unreasonable manner. As such, he has asserted a viable deliberate indifference claim against Mr. Armstrong. *See, e.g., Edwards v. David*, 2017 WL 2653077, at *5 (N.D. Ill. 2017) (collecting cases) (Fourth Amendment claim allowed to proceed against officer who refused to seatbelt arrestee, drove recklessly through a construction zone, and caused bodily injury). See also, *Roger v. Boatright*, 709 F.3d 403 (5th Cir. 2013); *Brown v. Fortner*, 518 F.3d 552, 558-59 (8th Cir. 2008).

### Count 2

Plaintiff also seeks to bring a state law negligence claim against Mr. Armstrong. Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). Because Plaintiff's negligence claim derives from the same facts as his Eighth Amendment claim, this Court will exercise supplemental jurisdiction over the claim.

An Illinois negligence claim for personal injuries requires a plaintiff to demonstrate the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach. *Iseberg v. Gross*, 879 N.E.2d 278 (2007). Plaintiff's allegations are sufficient to proceed on a negligence claim against Mr. Armstrong.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503

F.3d 647, 649 (7th Cir. 2007).  A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it.  *Id.* at 654-655. The first prong of the analysis is a threshold question.  If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request.  *Id.* at 655.

Plaintiff discloses insufficient efforts to locate counsel on his own.  Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the recruitment of counsel is premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").  For these reasons, Plaintiff's Motion (Doc. 3) is denied.  Plaintiff may renew his request for counsel at a later date, **attaching rejection letters from at least 3 attorneys**, to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## Disposition

The Complaint states colorable claims in Counts 1 and 2 against Mr. Armstrong.  The Clerk of Court shall prepare for Mr. Armstrong: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 30, 2020**

>          *s/ Staci M. Yandle*
>          **STACI M. YANDLE**
>          **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.